UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE FLOYD, #292789,

        Petitioner,

                                            CIVIL CASE NO. 05-CV-72169-DT
v.                                          HONORABLE GERALD E. ROSEN

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.      Introduction

      This is a habeas case under 28 U.S.C. § 2254. Eugene Floyd ("Petitioner") is a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan. Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 1999 and was sentenced to life imprisonment without the possibility of parole and a consecutive term of two years imprisonment on those convictions. In his pleadings, Petitioner challenges the state courts' rulings on his state habeas petition, as well as the propriety of his convictions. For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts.  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.  He explicitly informs the Court that he has a matter pending in the Michigan Supreme Court which concerns the same convictions challenged herein.  Petitioner therefore has additional remedies in the Michigan courts which must be exhausted before proceeding in this Court.  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims to this Court.  Otherwise, the Court is

unable to apply the standard found at 28 U.S.C. § 2254.

III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

    **IT IS SO ORDERED**.


        s/Gerald E. Rosen
        **Gerald E. Rosen**
        **United States District Judge**

**Dated:  June 28, 2005**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 28, 2005, by electronic and/or ordinary mail.**

        s/LaShawn R. Saulsberry
        **Case Manager**